FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 16, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL NELSON PECK,<br><br>                    Petitioner,<br><br>    v.<br><br>DONALD HOLBROOK,<br><br>                    Respondent. | No. 1:21-cv-03160-SMJ<br><br>**ORDER DISMISSING HABEAS ACTION** |

Before the Court is Petitioner's Third Amended Petition with attachments, ECF Nos. 12 and 12-2. Petitioner is in custody pursuant to a judgment of a state court and is currently housed at the Washington State Penitentiary. *Id.* Petitioner has paid the $5.00 filing fee and is proceeding *pro se*. Respondent has not been served.

## STATE COURT PROCEEDINGS

Petitioner challenges his 2016 Kittitas County Superior Court jury convictions for first degree burglary, possession with intent to deliver a controlled substance, and possession of a stolen motor vehicle, for which he was sentenced to 84 months incarceration, plus a 132-month enhancement. ECF No. 12 at 1. Petitioner indicates that on direct appeal, the Washington State Court of Appeals,

Division III, reversed the conviction for possession with intent to deliver a controlled substance, but the Washington State Supreme Court then reversed and upheld the trail court's denial of a motion to suppress on September 26, 2019. *Id.* at 2–3. Petitioner states that he did not seek *certiorari* in the United States Supreme Court. *Id.* at 3.

Petitioner indicates that he filed a Personal Restraint Petition ("PRP") in the Washington State Court of Appeals, Division III, on May 22, 2020, which was dismissed on March 26, 2021. *Id.* at 3–4. Petitioner states that he then filed a Petition for Discretionary Review in the State Supreme Court on April 16, 2021, and review was denied on September 1, 2021. *Id.* at 4. He filed a Motion to Modify Commissioner's Ruling on September 10, 2021, which was denied on November 2, 2021. *Id.* at 4–5. Petitioner filed his initial habeas corpus petition in this Court on December 7, 2021. ECF No. 1. He indicates this habeas action is timely under 28 U.S.C. § 2244(d). ECF No. 12 at 13.

After review of the Third Amended Petition, the Court finds that Petitioner has not cured the deficiencies set forth in the Third Order to Amend Habeas Petition, ECF No. 11. The Court is obliged to evaluate a *pro se* prisoner's petition under a more lenient standard than applied to a petition submitted by counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining that *pro se* pleadings are entitled to a liberal construction,

ORDER DISMISSING HABEAS ACTION – 2

meaning they are subject to "less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, Rule 2(c) of the Rules Governing Section 2254 Petitions in the United States Courts ("Habeas Rules") is "more demanding" than Rule 8(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which requires only a "short and plain statement" of the claim for relief. *See Mayle v. Felix,* 545 U.S. 644, 655 (2005). A petitioner must set forth "the facts supporting each ground." Habeas Rule 2(c)(1)-(2). *See also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991) ("[U]nsupported and conclusory claims are not sufficient to show error."). Petitioner has not done so.

Although granted numerous opportunities to do so, Petitioner has failed to amend his petition to state cognizable habeas claims supported by factual allegations as required by Habeas Rule 2(c)(1)-(2). For the reasons set forth above and in the Court's prior Orders, ECF Nos. 6, 8 and 11, **IT IS HEREBY ORDERED**:

  1. This habeas action is **DISMISSED WITH PREJUDICE**.

  2. The Clerk's Office is directed to **ENTER JUDGMENT**.

  3. The Clerk's Office is directed to **CLOSE** this file.

ORDER DISMISSING HABEAS ACTION – 3

4.  The Court certifies that there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Petitioner.

**DATED** this 16th day of August 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING HABEAS ACTION – 4